IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MAUREEN LEYVA              :       CIVIL ACTION
                           :
      v.                   :
                           :
CITY OF PHILADELPHIA       :       NO. 10-187

MEMORANDUM

Bartle, C.J.                                September 15, 2010

      Before the court is the motion of defendant City of Philadelphia ("the City") to dismiss the plaintiff's complaint for lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Philadelphia under 28 U.S.C. § 1406(a).

      Under Rule 4 of the Federal Rules of Civil Procedure, this court will have personal jurisdiction over the City if the courts of general jurisdiction in Delaware have lawful jurisdiction over the it. See Fed. R. Civ. P. 4(k)(1)(A) (2010); Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). Such jurisdiction may be either general or specific.

      General jurisdiction applies in cases where the defendant has a "continuous and systematic" connection in the forum state. See Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 416 (1984). The City of Philadelphia has no discernable continuous and systematic connection in Delaware.

Thus, although the City may occasionally transact business or perform work in Delaware, such activities are not sufficient to allow Delaware courts to exercise general jurisdiction over it.

Specific jurisdiction requires that the "plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." <u>Pinker v. Roche Holdings Ltd.</u>, 292 F.3d 361, 368 (3d Cir. 2002). In analyzing whether specific jurisdiction exists, the court must first determine whether jurisdiction is proper under the state's long-arm statute and then assess if such jurisdiction comports with the Fourteenth Amendment. <u>See</u> <u>Transporte Aeros de Angola v. Ronair, Inc.</u>, 544 F. Supp. 858, 865 (D. Del. 1982). Delaware law permits its state courts to exercise personal jurisdiction over a non-resident defendant who:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c) (2010).

Here, Leyva alleges that the City violated the Privileges and Immunities clause of the U.S. Constitution by implementing policies that discriminate against non-resident defendants in civil lawsuits.  This policy has no connection to the state of Delaware.  It does not form the basis of any business or work performed in Delaware.  It does not supply services to Delaware.  While the policy may cause a tortious or constitutional injury, it does not cause any such injury within Delaware.  That state's long-arm statute does not extend specific personal jurisdiction over the City under the facts alleged.  Thus, this court may not hear Leyva's case because it lacks both general and specific personal jurisdiction over the City.

However, this court does have the power to transfer this case to the proper district.  Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Leyva could have properly brought her case in the United States District Court for the Eastern District of Pennsylvania.  That court clearly has personal jurisdiction over the City based on the City's continuous and systematic presence in that district.  We find that it is in the interest of justice to transfer this action to that venue for adjudication rather than to dismiss it.

Accordingly, we will grant the City's motion and will transfer this action to the United States District Court for the Eastern District of Pennsylvania.